UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTONIO ABEL, a single person; and KEITH A. FREEMAN, a single person,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ALGONA, a Washington municipal corporation; STEVEN T. JEWELL and JANE DOE JEWELL, husband and wife; DAVID HILL and JANE DOE HILL, husband and wife; and JOSEPH SCHULTZ, a single person,<br><br>Defendants. | CASE NO. 07-956BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs' Motion to Amend Complaint (Dkt. 25) and Defendants' Motion for Partial Summary Judgment (Dkt. 24). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion to amend and denies the motion for partial summary judgment for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On May 18, 2007, Plaintiffs Antonio Abel and Keith A. Freeman filed suit in King County Superior Court for violation of their rights to equal protection and due process of law under the United States Constitution, discrimination and retaliation in violation of

ORDER - 1

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 and RCW 49.60.210, negligent supervision, and breach of employment agreement. Dkt. 1 at 12-14.

According to the complaint, the facts underlying these claims are as follows: Plaintiffs are police officers employed by the City of Algona and the Algona Police Department. Dkt. 1 at 8. Officer Freeman suffers from a work-related injury, and Officers Abel and Freeman are both over 40 years of age. *Id.*

On or about October 21, 2006, Officers Freeman and Abel responded to a complaint by Dwain Beck, who was a member of the Algona City Council, against his neighbor Kim Carter. *Id.* at 9. Mr. Beck alleged that Ms. Carter was committing harassment. *Id.* The officers resolved Mr. Beck's complaint by giving Ms. Carter a verbal "no trespass" order. *Id.*

On or about October 23, 3006, Defendant Steven T. Jewell, former Chief of Police for the City of Algona, and the City of Algona ordered the officers to have no further contact with Mr. Beck because he was under criminal investigation.

Defendant Jewell and the City of Algona then placed Officers Abel and Freeman on administrative reassignment pending investigation of the officers for criminal conduct, failure of a duty to report misconduct, and association with known offenders. *Id.* Under the administrative reassignment, the officers were required to remain at their residences during the day from October 30, 2006, to February 15, 2007. *Id.* The officers were required to surrender their service weapons, badges, police identification, building keys, and cell phones and were denied access to the Algona Police Department's computer equipment and to the department itself without official authorization and escort from Defendant Jewell. *Id.* at 10. The officers contend that they were not afforded an opportunity to present their side of the story.

While the officers were on administrative reassignment, Daniel Moate was promoted to a sergeant position. Mr. Moate is under 40 years of age. Officers Abel and

ORDER - 2

1  Freeman contend that they were deprived of the opportunity to apply for the sergeant
2  position.
3      In October of 2006, the Algona Police Department, the City of Algona, and
4  Defendant Jewell asked the Federal Way Police Department to investigate Ms. Carter's
5  claims against Mr. Beck. *Id.* The Federal Way Police Department interviewed Officer
6  Freeman but did not interview Officer Abel. *See id.* The Federal Way Police Department
7  conducted a criminal investigation of Officers Abel and Freeman and concluded that the
8  allegations against the officers were without merit. A.W. McGehee, who was the interim
9  police chief and is not a party to this suit, informed the officers that they were being
10 investigated by the Washington State Patrol's Office of Professional Standards. *Id.* at 11.
11     Plaintiffs contend that there is personal and political acrimony among Defendant
12 Jewell, Joseph Schultz (former mayor of the City of Algona), David Hill (current mayor),
13 Mr. Beck, and other officials and representatives of the City of Algona regarding Mr.
14 Beck's aspirations to become mayor. *Id.* Plaintiffs allege that this acrimony was a
15 substantial factor behind Defendants' actions and inactions regarding Plaintiffs. *Id.*
16     Prior to attempting to present a claim for damages to the City of Algona, Plaintiffs'
17 counsel contacted the City of Algona to determine whether the City had a policy or form
18 for claims for damages. Dkt. 28 at 2; Dkt. 28, Exh. D at 24. Plaintiffs' counsel also
19 conducted a records search to identify the person authorized to accept service of
20 complaints for damages against the City of Algona. *See* Dkt. 28, Exh. E at 27. The King
21 County Auditor indicated that Danielle Stafford was the designated agent for receiving
22 claims for damages. *Id.* Ms. Stafford was last employed with the City of Algona in
23 October of 2006. Dkt. 24-2 at 1.
24     On February 28, 2007, the City of Algona received a letter captioned "Re: Claim
25 for Damages and Personal Injuries of Algona Police Officers Keith Freeman and Tony
26 Abel." Dkt. 24-2 at 2; Dkt. 24-2, Exh. 1 at 4. The document is signed by Walter H. Olsen,
27
28

ORDER - 3

Jr., counsel for Plaintiffs in this matter. Dkt. 24-2, Exh. 1 at 7. The document is not signed by Plaintiffs. *See id.*

On or about August 27, 2007, Plaintiffs' counsel again conducted a records search and determined that records still listed Ms. Stafford as designated to accept service on behalf the City of Algona. Dkt. 28 at 2. On or around September 5, 2007, the City of Algona received a document that is similar to the February letter and is signed by both Plaintiffs and by Mr. Olsen. Dkt. 24-2 at 2; Dkt. 24-2, Exh. 2 at 19.

Pending before the Court is Plaintiffs' Motion to Amend Complaint (Dkt. 25) and Defendants' Motion for Partial Summary Judgment as to Plaintiffs' state law tort claims and federal discrimination claims. Dkt. 24.

## II. DISCUSSION

### A. MOTION TO AMEND COMPLAINT

Federal Rule of Civil Procedure 15 governs amendment of pleadings and provides as follows:

> *(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> *(2) Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). In this case, it is unclear whether Plaintiffs attempted to seek written consent from Defendants before seeking leave of Court to file an amended complaint. In considering whether to permit amendment, courts consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Plaintiffs seek to remove their claims of discrimination under Title VII and RCW 49.60.210. Defendants do not oppose amendment of the complaint to exclude Plaintiffs' discrimination claims but contend that such claims should be dismissed pursuant to

ORDER - 4

Federal Rule of Civil Procedure 41(a). Dkt. 26 at 1. Defendants offer no authority for deeming an amendment to omit claims to be a voluntary dismissal or any reason for the Court to deem Plaintiffs' proffered amendment as such.

Defendants also oppose amendment of the complaint to include an additional claim for negligent hiring because the claim is not addressed in the motion or in the Plaintiffs' notice of claim. *Id.* at 2. Defendants do not assert any prejudice that would result, other than that inherent to having to defend against an additional claim. *See* Dkt. 26. The Court therefore grants Plaintiffs' Motion to Amend Complaint (Dkt. 25).

### B.  MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants move for partial summary judgment and contend that Plaintiffs' Notice of Claim is deficient because it was not signed by Plaintiffs, because it does not state Plaintiffs' residence for six months prior to the time of filing the Notice of Claim, and does not state claims against Defendants Scholtz or Hill. Dkt. 24. Defendants also contend that Plaintiffs' second Notice of Claim does not cure the first and does not satisfy statutory requirements because Plaintiffs did not file suit 60 days after filing the second claim. *Id.* Plaintiffs contend that the City of Algona did not comply with RCW 4.96.020 and therefore cannot invoke the statutory requirements.[1] Dkt. 27.

#### 1.  **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of

---

[1] Plaintiffs also contend that "the Court has the discretion to enter summary judgment in favor of plaintiffs." Dkt. 27 at 8. Plaintiffs have not moved for summary judgment, and Defendants have not had a full and fair opportunity to respond to this request. The Court therefore does not reach this argument.

ORDER - 5

fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 2. Plaintiffs' Notice of Claim

A verified claim for damages against a local governmental entity or its officers or employees must be presented to the entity before the entity may be sued. RCW 4.96.020(2), (3). The content of the claim is governed by statute:

> All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose.

ORDER - 6

RCW 4.96.020(3). Unless one of the statutory exceptions applies, the claim must be personally verified. *Reyes v. City of Renton*, 121 Wn. App. 498, 503-04 (2004).

This claim-filing requirement applies to suits against cities. *See, e.g.*, *Brevick v. City of Seattle*, 139 Wn. App. 373 (2007). The claim-filing requirement also imposes requirements on local government entities:

> The governing body of each local governmental entity shall appoint an agent to receive any claim for damages made under this chapter. **The identity of the agent and the address where he or she may be reached during the normal business hours of the local governmental entity are public records and shall be recorded with the auditor of the county in which the entity is located.** All claims for damages against a local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, shall be presented to the agent within the applicable period of limitations within which an action must be commenced. **The failure of a local governmental entity to comply with the requirements of this section precludes that local governmental entity from raising a defense under this chapter.**

RCW 4.96.020(2) (emphasis added).

In this case, Defendants attempt to assert the claim-filing requirement as a defense but have not demonstrated that the City of Algona ("the City") has recorded the correct "identity of the agent" such that the City may raise a defense for failure to file a claim with the City.

Defendants contend that the City complied with the statute because "[t]he City appointed an agent to receive claims for damages and filed a designation with King County stating the agent's address." Dkt. 31 at 3. Defendants do not contend that the City's designation is true and accurate as to the identity of the agent appointed to receive claims for damages against the City.

Defendants also contend that the City may raise a defense under RCW 4.96.020 even though the City did not record its designation of Diana Quinn as agent for the City because "service and receipt of the plaintiffs' purported notices of claim are not disputed." Dkt. 31 at 3. Defendants offer no authority for allowing the City to raise certain defenses under RCW 4.96.020 despite the City's failure to maintain the true

ORDER - 7

identity and address of the City's agent in public records.[2] The Court therefore concludes that dismissal of Plaintiffs' state law tort claims for failure to comply with the claim-filing statute would be improper. Having granted Plaintiffs' motion to amend their complaint to omit discrimination claims, the Court denies as moot Defendants' motion as to these claims.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Amend Complaint (Dkt. 25) is **GRANTED**. Defendants' Motion for Partial Summary Judgment (Dkt. 24) is **DENIED** as provided herein.

DATED this 20th day of March, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

---

[2] In the face of this apparent lack of authority regarding a city's ability to raise a defense under RCW 4.96.020 when the city's agent is incorrectly identified, it is unclear why Plaintiffs wish to avoid filing a claim that satisfies Defendants' concerns.

ORDER - 8