1 So

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTONIO ABEL, a single person; and
KEITH A. FREEMAN, a single person,

Plaintiffs,

v.

CITY OF ALGONA, a Washington
municipal corporation; STEVEN T.
JEWELL and JANE DOE JEWELL,
husband and wife; DAVID HILL and
JANE DOE HILL, husband and wife;
and JOSEPH SCHULTZ, a single person,

Defendants.

CASE NO. 07-956BHS

ORDER DENYING
DEFENDANTS' MOTION TO
EXCLUDE TESTIMONY OF
PLAINTIFFS' EXPERTS

This matter comes before the Court on Defendants' Motion to Exclude Testimony of Plaintiffs' Experts Elena Cotton, Michael Welsh, and Bruce Olson (Dkt. 54). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Antonio Abel and Keith A. Freeman allege violation of their rights to equal protection and due process of law under the United States Constitution, negligent hiring or supervision, and breach of employment agreement. Dkt. 35.

Initially, the deadline for disclosing experts in this matter was April 21, 2008. Dkt. 23. Upon stipulation of the parties, this deadline was extended to May 23, 2008 (Dkt. 43) and then to June 14, 2008 (Dkt. 46). Defendants contend that Plaintiffs' expert witness disclosures are insufficient in several respects and therefore move to exclude all testimony from Michael A. Welsh, MD, Elena M. Cotton, LCSW, and Bruce Arthur Olson, Ph.D. Dkt. 54. The Court notes that because Defendants seek only to exclude testimony on the basis of insufficient disclosures and not to compel more complete disclosures, the Court is limited in its ability to fashion a remedy. Counsel for the parties conferred on June 19, 2008, but were apparently unable to resolve this discovery dispute without intervention by the Court.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of witnesses who may be called to offer expert testimony at trial and a written report containing the witness' opinions and identifying supporting materials. *See* Fed. R. Civ. P. 26(a)(2). Absent a stipulation or court order, expert witness disclosures are due at least 90 days before the trial date. Fed. R. Civ. P. 37(2)(C).

If a party fails to make a timely disclosure under Rule 26, the party may be sanctioned pursuant to Federal Rule of Civil Procedure 37, which provides in part as follows:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Federal Rule of Civil Procedure 37(c)(1) gives "teeth" to the disclosure requirements of Rule 26(a) by forbidding use at trial of any information not

properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Id.* To determine whether sanctions are appropriate, the Ninth Circuit considers the following: (1) the public interest in an expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less severe sanctions. *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

The deadline for filing all motions related to discovery in this matter was May 30, 2008, and the deadline for completing discovery was June 30, 2008. Dkt. 23. Defendants' motion is therefore denied as untimely. Alternatively, Defendants' motion is denied on its merits for the reasons stated below.

As a threshold matter, the Court notes that Plaintiffs contend that they need not comply with rules governing the disclosure of expert witnesses with respect to Dr. Welsh and Ms. Cotton because these witnesses treated Plaintiffs. Defendants concede that insofar as these witnesses' testimony will address only their care and treatment of Plaintiffs, no expert report is required. Dkt. 54 at 4 n.2. It is not clear that Plaintiffs intend to call Dr. Welsh and Ms. Cotton to testify *only* as to their treatment of Plaintiffs. Dkt. 58 at 1-2. Plaintiffs' disclosure of these witnesses must therefore conform to Federal Rule of Civil Procedure 26(a)(2). Defendants' remaining objections to the expert reports are as follows:

First, Defendants move to exclude the testimony of Dr. Welsh and Ms. Cotton on the grounds that their expert reports are unsigned. Dkt. 54 at 4. The Court notes that Dr. Welsh's report consists of two progress notes, one of which is signed. Dkt. 67, Exh. 3 at 51. While Federal Rule of Civil Procedure 26(a)(2)(B) clearly requires that expert reports be signed, the sanction sought by Defendants is unnecessarily punitive. Plaintiffs should supplement the Welsh and Cotton reports to include the proffered experts' signatures.

1   Second, Defendants move to exclude the testimony of Dr. Welsh, Ms. Cotton, and
2   Dr. Olson on the grounds that these experts' reports do not contain a list of publications
3   or a statement of compensation. Dkt. 54 at 4. Because Dr. Welsh and Ms. Cotton have not
4   authored any publications, the Court finds no error in the failure to list publications for
5   these proffered experts. Similarly, because Defendants were made aware of some of Dr.
6   Olson's compensation information by email dated May 30, 2008, the Court concludes that
7   Defendants have suffered no prejudice from the failure to include this information in Dr.
8   Olson's report. *See* Dkt. 66, Exh. 3 at 38.

As to compensation to be paid and as to Dr. Olson's publications, the Court disagrees with Plaintiffs' narrow reading of the discovery rules. Plaintiffs are required to provide "a list of *all* publications authored in the previous 10 years" and "a statement of the compensation *to be paid* for the study and testimony in the case." Federal Rule of Civil Procedure 26(a)(2)(B)(iv), B(vi) (emphasis added). If Dr. Welsh, Ms. Cotton, and Dr. Olson are to be paid as experts in this matter, Plaintiffs must provide a statement of their compensation. If Dr. Olson has authored any publications in the previous 10 years, Plaintiffs must furnish a list of such publications. Whether the proffered experts have received such compensation at this juncture and whether Dr. Olson's publications are related to Plaintiffs' claims is inapposite.

Third, Defendants contend that the reports of Ms. Cotton and Dr. Olson are impermissibly designated "Draft and Preliminary." Dkt. 54 at 4. Expert reports are subject to the supplementation requirement. Fed. R. Civ. P. 26(a)(1)(D). Plaintiffs contend that the designation of these reports as "Draft and Preliminary" does not affect their substance and merely reflects the possibility that the reports may be supplemented. Of course, supplementation is not a substitute for complying with disclosure requirements in the first instance. However, the propriety of any supplementation is an issue that is not yet before the Court. Designation of the reports as "Draft and Preliminary," absent evidence that the reports are otherwise insufficient, does not warrant exclusion of these experts' testimony.

Fourth, Defendants move to exclude the testimony of Dr. Welsh on the grounds that this proffered expert's report is substantively deficient because it consists of brief chart notes and a conclusory assertion. Dkt. 54 at 4. Dr. Welsh's expert report consists of two progress notes. *See* Dkt. 67, Exh. 3 at 31, 34. The progress note dated March 18, 2008, includes this conclusion: "I agree with Mr. Freeman's counselor that his symptoms are consistent with post traumatic stress disorder." *Id.* at 34. The credibility and persuasiveness of this conclusion are matters for the finder of fact. To the extent that Defendants seek to limit Dr. Welsh's testimony, such a contention should be addressed at a date closer to trial.

Finally, Defendants contend that Dr. Olson's report fails to set forth his qualifications. Plaintiffs acknowledge that they did not initially produce Dr. Olson's curriculum vitae but have filed the curriculum vitae in advance of Dr. Olson's deposition. The Court therefore concludes that this omission was harmless and does not warrant exclusion of Dr. Olson's testimony.

It appears that Plaintiffs' expert witness disclosures are deficient in some respects and that such deficiencies are based upon an unnecessarily narrow, and ultimately incorrect, reading of the Federal Rules of Civil Procedure. It is also apparent that many of these deficiencies could have been resolved without Court intervention if the parties had truly conferred in good faith and thoroughly discussed Plaintiffs' expert witness disclosures in detail. The Court is aware that Dr. Olson's deposition was scheduled to take place on August 1, 2008, the noting date of Defendants' motion to exclude. It is unclear why Defendants did not seek relief sooner and why Defendants seek merely to exclude Plaintiffs' experts from testifying and do not seek to compel production of the information they contend is lacking. Because Plaintiffs' deficiencies are harmless or substantially justified, the Court concludes that exclusion of Plaintiffs' experts would be unnecessarily punitive. The parties are encouraged to confer in good faith to resolve

discovery disputes without Court intervention, and Plaintiffs should supplement their expert witness disclosures to fully comply with the Federal Rules of Civil Procedure.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Exclude Testimony of Plaintiffs' Experts Elena Cotton, Michael Welsh, and Bruce Olson (Dkt. 54) is **DENIED**.

DATED this 8th day of August, 2008.

BENJAMIN H. SETTLE
United States District Judge