UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTONIO ABEL, a single person; and
KEITH A. FREEMAN, a single person,

Plaintiffs,

v.

CITY OF ALGONA, a Washington
municipal corporation; STEVEN T.
JEWELL and JANE DOE JEWELL,
husband and wife; DAVID HILL and
JANE DOE HILL, husband and wife;
and JOSEPH SCHOLZ, a single person,

Defendants.

CASE NO. 07-956BHS

ORDER REMANDING CASE

This matter comes before the court following the Court's order to show cause regarding supplemental jurisdiction. Dkt. 115. The court has considered the pleadings filed in response to the Court's order and the file herein.

## I. BACKGROUND

This matter was originally filed in the Superior Court of King County, Washington, under cause number 07-2-16320-4 KNT. Plaintiff's original complaint alleged that Defendants had violated Plaintiffs' equal protection and due process of law rights under the United States Constitution and in violation of 42 U.S.C. § 1983. Plaintiffs also brought claims of retaliation and discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 and RCW 49.60.210. Finally, Plaintiffs brought claims for negligent supervision and breach of employment agreement.

Defendants removed the case to this Court on June 19, 2007. Plaintiffs later amended their complaint, removing any discrimination claims, and adding a claim for negligent hiring.

On July 29, 2008, Defendants moved for summary judgment as to all of Plaintiffs' claims. The Court partially granted Defendants' summary judgment motion by dismissing Plaintiffs' equal protection claims and § 1983 claims against all Defendants, and did not consider Defendants' summary judgment motion as to Plaintiffs' negligent hiring and breach of employment agreement claims. The Court ordered the parties to show cause why Plaintiffs' remaining state law claims should not be remanded to state court.

On October 15, 2008, Plaintiffs filed a brief indicating that they do not oppose remanding this case to state court. Dkt. 124. Defendants filed a brief on the same day, and moved the Court to maintain jurisdiction over Plaintiffs' state law claims. Dkt. 125.

## II. DISCUSSION

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy.  The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

*United Mine Workers v. Gibbs*,  83 U.S. 715 (1966), first announced the discretionary doctrine of the district court's exercise of pendent jurisdiction over state law claims.  Later, in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988), the Supreme Court held that the district court should "consider and weigh in each case, at every stage of the litigation, the values of judicial economy, convenience, fairness, and

comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendant state law claims." (Relying on *Gibbs, supra*). 28 U.S.C. § 1367 now governs the exercise of supplemental jurisdiction, including ancillary and pendent jurisdiction, and lists some of the discretionary factors enunciated by *Gibbs* to guide the district court in exercising supplemental jurisdiction over state law claims. The Ninth Circuit clarified the district court's process of exercising its discretion in *Executive Software v. U.S. Dist. Court*, 24 F.3d 1545 (9th Cir. 1994). There, the court held that once a district court identifies that a factual predicate in a case corresponds to one of the factors in § 1367(c), the district court must consider "whether remanding the pendent state claims comports with the underlying objective of 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity.'" *Id*. at 1557 (citations omitted).

Defendants request that the Court maintain jurisdiction over Plaintiffs' remaining state law claims because the case is set for trial on October 27, 2008, and because the Court and parties have expended substantial resources in this matter generally, and in particular, in preparing motions in limine that are currently pending. Dkt. 125, 2-3.

The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. The Court has dismissed all claims under which it has original jurisdiction, leaving only Plaintiffs' claims for negligent hiring and breach of employment agreement. Although this action is in the late stages of litigation, the remaining claims do not involve particularly complex issues of fact or law and should not require significant resources to resolve in state court. The parties may file motions currently pending in this court in state court. The Court concludes that the remaining state law claims are more appropriately addressed in state court.

**III. ORDER**

Therefore, it is hereby

**ORDERED** that the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' state law claims. Plaintiffs' state law claims are **REMANDED** to the Superior Court for King County.

The Clerk is directed to send certified copies of this order to the Clerk of the Court for King County Superior Court.

DATED this 16th day of October, 2008.


_____
BENJAMIN H. SETTLE
United States District Judge